IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ray A. Gott,                                              Case No. 3:08 CV 2680

                Plaintiff,          MEMORANDUM OPINION
                                                          AND ORDER

      -vs-
                                                          JUDGE JACK ZOUHARY
Commissioner of Social Security,

                Defendant.

Pending before this Court is Plaintiff Ray Gott's Motion to Alter or Amend Judgment (Doc. Nos. 32-33). Pursuant to Federal Civil Rule 59(e), Plaintiff asks this Court to reconsider its February 23, 2010 Order (Doc. No. 31) denying Gott's Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). Here, Plaintiff contends this Court committed a "clear error of law" by basing its holding on the "per se" rule that "an articulation error does not justify recovery of attorneys fees." This Court drew the "articulation error" language from *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008)). Plaintiff argues that such a per se rule regarding articulation errors is clearly erroneous.

The premise of Plaintiff's argument is mistaken. Plaintiff devotes seven pages to arguing why the single sentence quoting the *Olive* decision is wrong, but Plaintiff ignores the remainder of this Court's discussion following that sentence. That analysis relied not on a per se rule, but on a fact-based analogy to the *Olive* case. Relying on that analogy, this Court concluded the ALJ's "careful and record-based analysis" of Plaintiff's disability claims had a "reasonable basis in law and fact" -- the touchstone of the inquiry under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). This Court, following *Olive*, described the ALJ's failure to adequately explain one component of the decision as an "articulation error," but nowhere did this Court announce or apply any sort of per se rule.

Plaintiff also contends that Defendant relied on improper post-hoc rationalizations in defending the Commissioner's decision. Plaintiff already made that argument (*see* Doc. No. 30, pp. 3-6), and this Court will not revisit it here. *See Keweenaw Bay Indian Comty.*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996) ("A Rule 59(e) motion . . . is not intended as a vehicle to relitigate previously considered issues.").

For these reasons, Plaintiff's Motion is denied.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  March 30, 2010